IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SHERRY MOORE**     **PLAINTIFF**

**V.**     **CIVIL ACTION NO. 3:21-cv-253-SA-JMV**

**UNUM LIFE INSURANCE COMPANY
OF AMERICA**     **DEFENDANT**

**ORDER**

This matter is before the court on the unopposed motion to file the administrative record under seal [11] filed by the Defendant pursuant to FED. R. CIV. P. 5.2 and L.U. Civ. R. 5.2 and 79. For the reasons discussed hereafter, the motion is granted as directed below.

**I.    The Documents Subject to the Motion to Seal**

In this proceeding, the Plaintiff seeks to recover disability benefits from Unum under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 101, *et seq*. Defendant's decision to terminate the Plaintiff's benefits was based upon the contents of the Administrative Record, which is in excess of 1,700 pages.

**II.    The Legal Standards and Analysis**

When presented with a request to seal, a court is to exercise its discretion "in light of the relevant facts and circumstances of the particular case." *Haley v. Merial*, No. 4:09-CV-00094-GHD-JMV, 2013 WL 12213925, at *1 (N.D. Miss. Feb. 28, 2013) (quoting *Nixon v. Warner Commc'ns, Ins.*, 435 U.S. 589, 603, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). The Fifth Circuit applies a "balancing test to determine whether the danger of improper use outweighs the common-law right of public access." Haley at *1 (citing *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981)).

Local Rule 79(b) specifies that "any order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly

tailored to serve those reasons." L.U. Civ. R. 79(b). To determine whether to allow the sealing of a requested document, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993). Upon weighing the competing interests, the undersigned finds that the Defendant has provided clear and compelling reasons for filing the administrative appeal record under seal.

Here, the Administrative Record contains numerous medical records and reports regarding the Plaintiff, which are protected from public disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as well as other personal, sensitive and confidential information protected from disclosure by state and federal law. A review of the Administrative Record, without redaction, is necessary for the Court to rule on the parties' respective dispositive motions being filed in this case. Accordingly, due to the protected and confidential nature of the information contained in the Administrative Record, this Court finds that the Administrative Record shall be filed under seal, without redaction, in this proceeding.

**IT IS THEREFORE ORDERED** that the Defendant's motion is **GRANTED** pursuant to L.U. CIV. R. 79.  It is further ordered that the administrative appeal record shall be filed and remain under seal until further order of this Court.

**SO ORDERED**, this, the 3rd day of May, 2022.

/s/ Jane M. Virden  
**UNITED STATES MAGISTRATE JUDGE**